IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Robert Ronald Webster Jr., ) | Case No.: 2:24-cv-02847-JD-MHC |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER AND OPINION** |
| Disney, Inc.; ESPN, Inc.; Edward ) | |
| Canty, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the Court with the Report and Recommendation ("Report") of United States Magistrate Molly H. Cherry (DE 16), made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina concerning the Magistrate Judge's initial review of Plaintiff Robert Ronald Webster, Jr.'s ("Plaintiff" or "Webster") pleadings.[1]

**A. Background**

The Report sets forth the relevant facts and legal standards, which the Court incorporates without a complete recitation. In any event, the Court provides this summary as a brief background.

Webster, proceeding *pro se*, sued Defendants Disney, Inc.("Disney"), ESPN, Inc.("ESPN"), and Edward Canty ("Canty"), (collectively "Defendants") alleging

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

"Edward Canty received winning funds, Disney gave wrong person winning funds, ESPN gave wrong person winning funds." (DE 1 at 6.) Plaintiff asserts that the amount in controversy is "winnings of $3,500,000 for Bracket Challenge of March Madness for 5 Winning Brackets." (*Id.*) As relief, Plaintiff requests:

> $3,500,000 is actual winnings for
> 5 winning brackets
> Punitive damages 10,000,000 as it would
> Prove my identity as my identity of
> NY Webster would prove my GOfund Me was
> Myself for 2028 election for president.

*Id.* (errors in original.)

In a Proper Form Order entered on August 13, 2024, Plaintiff was directed to submit certain documents to bring his case into proper form. He was also notified of substantive deficiencies in the Complaint and given an opportunity to file an amended complaint. (DE 8.) The Proper Form Order was initially returned marked "Return to Sender – Not Deliverable as Addressed – Unable to Forward." (DE 11.) On August 30, 2024, the Order was remailed to the South Carolina address provided by Plaintiff as his mailing address. (DE 1 at 2; DE 12.) On September 4, 2024, a copy of the Order was also mailed to a New York address listed by Plaintiff in the Complaint. (DE 1 at 2–3; DE 13.) The remailed copies were subsequently returned as undeliverable on September 17, 2024. (DE 14, 15.)

To date, Plaintiff has neither submitted the required documents to bring the case into proper form nor filed an amended complaint. Additionally, he has not provided the Court with an updated mailing address.

2

### B. Report and Recommendation

The Magistrate Judge reviewed Plaintiff's *pro se* Complaint under the procedural provisions of 28 U.S.C. § 1915, applying a less stringent standard than that typically applied to pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Based on an initial review of the pleadings, the Magistrate Judge issued the Report on October 16, 2024, recommending that the Complaint be dismissed without prejudice and without service of process for these reasons (among others):

1. "[I]t is unclear that there is complete diversity of the parties";
2. "Even if Plaintiff can establish jurisdiction, this action is also subject to summary dismissal because Plaintiff fails to state a cognizable claim against Defendants";
3. "Plaintiff has failed to bring this case into proper form"; and
4. "Plaintiff's allegations are subject to summary dismissal because they appear to be frivolous under § 1915(e)(2)(B)(i)."

(DE 16 at 5, 7, 8.) Plaintiff did not object to the Report.

### C. Legal Standard

In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). The Court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

### D. Conclusion

Since Plaintiff has not objected, after a thorough review of the Report and Recommendation and the record in this case, the Court finds no clear error on the face of the record. Thus, the Court adopts the Report (DE 16) and incorporates it here by reference.

It is, therefore, **ORDERED** that Plaintiff's case is dismissed without prejudice, without leave to amend, and without issuance and service of process.

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
May 5, 2025

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order within thirty (30) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.